IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL LEE GORDON,**

    **Petitioner,**

  v.                                     **CASE NO. 2:01-cv-1166**
                                             **CRIM. NO. 2:97-cr-167(6)**
                                             **JUDGE GRAHAM**
**UNITED STATES OF AMERICA,**         **MAGISTRATE JUDGE ABEL**

    **Respondent.**

**ORDER**

On September 30, 2002, final judgment was entered dismissing petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. Doc. No. 267. On August 4, 2005, and November 3, 2005, petitioner filed motions for relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b). Doc. Nos. 295, 298. Petitioner has also requested copies of numerous documents without cost filed in the §2255 proceedings which, he states, are "urgently needed in connection with the recently filed Rule 60(b) motion." Doc. No. 299. For the reasons that follow, petitioner's motions for relief from judgment, Doc. Nos. 295, 298, and his request for documents without cost are **DENIED.**

Federal Rule of Procedure 60(b) provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

> judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

*Id.*

Petitioner states that relief from judgment is warranted in this case because this Court's dismissal of his §2255 petition was erroneous, and because the Court failed to consider all of petitioner's claims. Specifically, petitioner refers to the Court's refusal to consider additional allegations that were first presented in petitioner's objections to the Magistrate Judge's *Report and Recommendation. Opinion and Order,* September 30, 2002, Doc. No. 267, at 2. The Court stated:

> Petitioner also now asserts that he was denied the effective assistance of trial counsel due to counsel's failure to file a motion to dismiss charges that the government allegedly promised not to pursue, failure to file a motion to suppress the testimony of four witnesses and other evidence presented at trial based upon petitioner's detrimental reliance, failure to review the testimony of the May 1, 1998, hearing on petitioner's motion to enforce the plea agreement, and failure to enter into evidence petitioner's proffer letter signed January 1, 1998. None of these claims were presented in petitioner's motion to vacate, set aside, or correct sentence, and the Court will not permit petitioner now to amend that motion here.

*Id.* Petitioner now argues that such claims were, in fact, presented in his initial motion to vacate, set aside, or correct sentence, or in one of the various supplements to such motion, and that dismissal of his §2255 motion therefore was erroneous. *See Motion for Relief from Judgment,* Doc. No. 295. Assuming that petitioner's motion for relief from judgment is timely, however, review of the record, simply fails to support his allegation. To the contrary, the record reflects that petitioner filed his initial §2255 motion on November 27, 2001; on January 14, 2002, he filed an "Additional Memorandum of Law in Support," Doc. No. 244; on March 6, 2002, he filed a "Supplemental

2

Motion to Vacate, Set Aside, or Correct Sentence, Doc. No. 254; on July 3, 2002, he filed an "Additional Memorandum of Law in Support," Doc. No. 261. Still, he failed to raise the allegations referred to above until he filed his objections to the Magistrate Judge's recommendation that his motion to vacate, set aside, or correct sentence be dismissed.

Petitioner has failed to demonstrate any reason to justify vacating the September 30, 2002, final dismissal of his §2255 motion. Petitioner's motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) therefore are **DENIED**. Petitioner's request for copies at cost likewise is **DENIED**.

**IT IS SO ORDERED.**

                                                    s/James L. Graham
                                                    JAMES L. GRAHAM
                                                    United States District Judge

DATE: December 5, 2005