IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL LEE GORDON,

           Petitioner,

           v.

UNITED STATES OF AMERICA,

           Respondent.

CASE NO. 2:16-CV-00589
CRIM. NO. 2:97-CR-167(6)
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

Petitioner a federal prisoner, brings the instant *Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States* and *First Motion to Hold in Abeyance Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States*. (ECF Nos. 498, 499.) This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner's *First Motion to Hold in Abeyance Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States* (ECF No. 499) is **DENIED**.

This case involves Petitioner's March 5, 1999, convictions after a jury trial on seven Hobbs Act violations (18 U.S.C. § 1951) and seven counts under 18 U.S.C. § 924(c). On May 20, 1999, the Court imposed an aggregate term of 1,651 months imprisonment. (ECF No. 189.) On November 22, 2000, the United States Court of Appeals for the Sixth Circuit affirmed District Court's judgment. *United States v. Gordon,* 238 F.3d 425, unpublished, 2000 WL 1785905 (6th Cir. Nov. 22, 2000). On November 27, 2001, Petitioner filed his first *Motion to Vacate Sentence* under 28 U.S.C. § 2255. (ECF No. 241.) On May 3, 2012, the Court denied the

motion. (ECF No. 108.) On March 6, 2002, he filed a *Supplemental Motion to Vacate Sentence*. (ECF No. 247.) On September 30, 2002, the Court denied the motion. (ECF No. 267.) On September 17, 2003, Petitioner filed a second *Motion to Vacate or Set Aside Sentence* pursuant to 28 U.S.C. § 2255. (ECF No. 284.) On September 24, 2003, he filed a *Supplemental Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 286.) On September 30, 2003, the Court transferred that action to the Court of Appeals as successive. (ECF No. 287.) On June 8, 2005, the Sixth Circuit denied authorization for the filing of a second or successive § 2255 motion. (ECF No. 293.) This Court has subsequently transferred various filings by the Petitioner to the United States Court of Appeals for the Sixth Circuit as constituting successive § 2255 motions. (See ECF Nos. 314, 331, 354, 365, 381, 412, 413.) On July 8, 2015, the Court denied Petitioner's *Motion to Reopen 28 U.S.C. § 2255*. (ECF No. 465.)

On June 23, 2016, Petitioner, through counsel, filed the instant *Motion to Vacate Under 28 U.S.C. § 2255 pursuant to Johnson v. United States*. (ECF No. 498.) He asserts that, pursuant to *Johnson,* his Hobbs Act convictions "categorically fail[] to qualify as a 'crime of violence' under § 924(c)'s 'force' clause, and because § 924(c)'s residual clause is unconstitutionally vague, no legal basis exists for a § 924(c) conviction." (ECF No. 498, PageID# 1014.) Plainly, however, this newest Petition constitutes a successive § 2255 motion.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the

Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit.  *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed earlier motions to vacate, the *Motion to Vacate Under 28 U.S.C. § 2255 pursuant to Johnson v. United States* presently before the Court constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Petitioner also moves the Court to hold this action in abeyance pending a ruling from the United States Court of Appeals for the Sixth Circuit on his application for authorization to file a successive § 2255 motion to prevent the government from asserting any claim that the action is time-barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).  *See Dodd v. United States*, 545 U.S. 353, 356 (2005) (holding that applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file his § 2255 petition).  This Court, however, lacks jurisdiction to address the § 2255 motion absent authorization from the United States Court of Appeals.  Further, the statute of limitations is tolled during the time period that Petitioner seeks authorization for the filing of a successive petition.  *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

Therefore, Petitioner's *Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States* (ECF No. 498) is  **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's *First Motion to Hold in Abeyance Motion to Vacate under 28 U.S.C. § 2255 pursuant to Johnson v. United States* (ECF No. 499) is **DENIED**.

**IT IS SO ORDERED.**

Date: July 14, 2016                              <u>        s/James L. Graham       </u>
                                                                                        JAMES L. GRAHAM
                                                                                        United States District Judge

.