```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

United States of America

    v.                                    Case No. 2:97-cr-167-6

Michael Lee Gordon

<u>OPINION AND ORDER</u>

Defendant was convicted by a jury on Counts 1, 3, 5, 7, 9, 11, and 13 for obstruction of commerce by robbery (Hobbs Act) in violation of 18 U.S.C. §1951, and on Counts 2, 4, 6, 8, 10, 13, and 14 for carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). By judgment entered on May 20, 1999, defendant was sentenced to a term of incarceration of 151 months on the Hobbs Act counts, to run concurrently, a consecutive term of incarceration of 60 months on the §924(c) charge in Count 2, and consecutive terms of incarceration of 240 months on the remaining §924(c) counts.

On May 21, 2020, defendant filed a motion for reduction of sentence or compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), alleging extraordinary and compelling reasons. Doc. 548. Defendant also moved for the appointment of counsel and for a hearing on the motion.

<u>I. Exhaustion of Administrative Remedies</u>

Under 18 U.S.C. §3582(c)(1)(A), as modified by the First Step Act of 2018, the court may reduce a sentence of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of a defendant after that defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to file such a motion on a defendant's behalf. Specifically, the

district court has authority to rule on a motion of the defendant

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

§3582(c)(1)(A). Under this section, before a defendant can file a motion for reduction in sentence for "extraordinary and compelling reasons" under that section in the district court, the defendant must first ask the warden to file a motion for a reduction in sentence on his behalf. If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before filing a motion in district court. If the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court. See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020). The exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

In the motion currently before the court, defendant relies primarily on the passage of §403(a) of the First Step Act of 2018, which amended the definition of a "second or subsequent conviction" which would require the enhanced penalties specified in 18 U.S.C. §924(c)(1)(C), as constituting extraordinary and compelling circumstances. Defendant has submitted a declaration under penalty of perjury in which he states that he submitted requests for compassionate relief to the warden on January 9, 2020, and on April 7, 2020, and that he had received no response as of May 11, 2020.

Doc. 548, p. 13. He also submitted a declaration from Matthew A. Pickett, who stated that he saw defendant hand the warden a request for compassionate release on April 7, 2020. Doc. 548, p. 14. Defendant has also attached copies of his January 9, 2020, and April 7, 2020, requests for compassionate release. Doc. 548, pp. 15-16. In these documents, defendant requested compassionate release based on the First Step Act's changes to the §924(c) definition of a "second or subsequent conviction." The court concludes that defendant has satisfied the exhaustion requirement insofar as he relies on the First Step Act changes to the §924(c) penalties.

In his motion, defendant also points to his age (twenty-four years) at the time of sentencing and the fact that he has completed numerous educational courses while incarcerated. These matters were not mentioned in either of defendant's requests to the warden for compassionate release. Therefore, these additional grounds for compassionate release have not been exhausted, and the court will not consider them at this time.

II. Existence of Extraordinary and Compelling Reasons

If the exhaustion requirements are met, then the court can entertain a motion to reduce a sentence under 18 U.S.C. §3582(c)(1)(A)(i). In considering such a motion, the court must determine whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. §3582(c)(1)(A)(i). If these requirements are met, then the court must go on to determiner whether a reduction is appropriate after considering the statutory sentencing

factors in 18 U.S.C. §3553(a). §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. <u>United States v. Kincaid</u>, No. 19-6271, 2020 WL 1951899, at *1 (6th Cir. April 23, 2020).

The Sentencing Commission has issued a policy statement regarding the reduction of a term of imprisonment under §3582(c)(1)(A). <u>See</u> U.S.S.G. §1B1.13. Under §1B1.13, a reduction may be ordered if extraordinary and compelling reasons warrant a reduction, the defendant is not a danger to the safety of any other person or to the community, and the reduction is consistent with the policy statement. §1B1.13(1)(A), (2) and (3). Application Note 1 to §1B1.13 sets forth the criteria for extraordinary and compelling reasons. Defendant stated that he is relying on Application Note 1(D), which states that an extraordinary and compelling reason exists if: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." §1B1.13, cmt. n. 1(D). However, he argues that Application Note 1(D) is a catch-all provision, and that this court is free to consider any reason for compassionate release under this subsection. The court will assume, <u>arguendo</u>, for purposes of this motion, that it has authority under subsection (D) to address defendant's argument.

Under §403(a) of the First Step Act of 2018, the penalties specified in §924(c)(1)(C) were amended by deleting the language "second or subsequent conviction" and substituting "violation of this subsection that occurs after a prior conviction under this

4

subsection has become final." This change precludes the enhancement of penalties for more than one §924(c) offense charged in the same case where the defendant has no §924(c) conviction from a prior case. The Sixth Circuit has held that the non-retroactive change in §924(c) is substantive in nature, and not merely a clarification of prior law. See United States v. Richardson, 948 F.3d 733, 746-48 (6th Cir. 2020). Congress determined that this change is not retroactive. Under §403(b) of that Act, the amendment "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." §403(b); 18 U.S.C. §924(c)(1)(C).[1]

The new law does not preclude charging more than one §924(c) count in the same case, nor does it preclude running each count consecutively, that is, "stacking." Rather, it simply means that if the defendant does not have a §924(c) conviction from a previous case, each §924(c) count charged in the current case would entail, for example, a five-year mandatory minimum consecutive penalty, rather than the enhanced penalty of two hundred and forty months for a second or subsequent conviction.

Defendant argues that the disparity between the sentences imposed on defendants convicted on multiple §924(c) counts before the effective date of the Act compared with defendants sentenced today is an extraordinary and compelling reason for granting him a

---

[1] Defendant's argument that Congress's decision to make the §924(c) changes non-retroactive is unconstitutional is outside the scope of a motion for compassionate release. Such an argument would be more appropriately raised in a motion to vacate under 28 U.S.C. §2255.

5

sentence reduction. District courts have reached different conclusions as to whether the change in §924(c) penalties can constitute an extraordinary and compelling reason for a sentence reduction under Application Note 1(D). However, for purposes of the instant motion, this court need not resolve this issue. The court notes that if defendant were sentenced today based on the current §924(c) penalties, he would be sentenced to consecutive terms of imprisonment of five years on each of the seven §924(c) counts. This would result in a combined total of 35 years on the firearm counts. Added to the concurrent sentences of 151 months (12 years and 7 months) on the Hobbs Act counts, this would result in a total sentence of 47 years and 7 months. Defendant has been in custody since September 1, 1998. Thus, even giving defendant the benefit of the new §924(c) penalties and the maximum good time credit of fifty-four days per year provided by the First Step Act, see 18 U.S.C. §3624(b)(1), defendant would still have a considerable amount of time left to serve on his sentence. See United States v. Brown, 411 F.Supp.3d 446, 453-55 (S.D. Iowa 2019)(denying motion without prejudice where defendant would not be eligible for immediate release under the new law). Defendant has not shown that the change in the §924(c) penalties constitutes an extraordinary and compelling reason for reducing his sentence at this time. Thus, there is no need for the court to proceed to the next step of discussing the statutory sentencing factors in §3553(a).

III. Conclusion

Defendant's motions for appointment of counsel and for a hearing are denied. To the extent that defendant asserts grounds

which have not been administratively exhausted, his motion for compassionate release is denied without prejudice for failure to exhaust administrative remedies.  Insofar as defendant seeks release based on the First Step Act's modification of the §924(c) penalties, defendant's motion is denied without prejudice because, even if the new law were applied in the defendant's case, defendant would not be entitled to immediate release.

Date: June 2, 2020             s/James L. Graham
                          James L. Graham
                          United States District Judge