IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                               Case No. 2:97-cr-167-6

Michael Lee Gordon

OPINION AND ORDER

    Following a jury trial, defendant was convicted on seven counts of obstruction of commerce by robbery in violation of the Hobbs Act, 18 U.S.C. §1951, and seven counts of carrying a firearm during a crime of violence in violation of 18 U.S.C. §924(c). Judgment was entered on May 20, 1999, imposing concurrent terms of incarceration of 151 months on the Hobbs Act counts, a consecutive sentence of 60 months on the §924(c) charge in Count 2, and consecutive terms of imprisonment of 240 months on the 6 additional §924(c) counts, resulting in a total sentence of 1,651 months.

    Defendant has filed multiple motions and supplemental motions for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Some of these motions were denied without prejudice due to defendant's failure to exhaust his administrative remedies as required under §3582(c)(1)(A), while others remain pending. Defendant initially requested a reduction in sentence due to the changes in the penalties applicable to §924(c) offenses under §403(a) of the First Step Act. He later presented additional arguments and requested his immediate release. Counsel was appointed to represent the defendant. On September 29, 2020, counsel filed a supplemental memorandum requesting a reduction in sentence on the §924(c) counts to comport with the penalties provided under the First Step Act, which would result in

a new total sentence of 571 months. Doc. 574. The government filed responses in opposition to defendant's motions.

The court will address all of the arguments made in defendant's previous motions on the merits. As a preliminary matter, defendant's motion for a hearing and argument on his compassionate release motions (Doc. 600) is denied. See United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021)(§3582(c)(1)(A) does not mention or require an evidentiary hearing); United States v. Pinson, 835 F. App'x 390, 395, n. 6 (10th Cir. 2020)(hearing on compassionate release motion not required). Defendant's motion for funds for copies (Doc. 606) is denied. The First Step Act makes no provision for furnishing defendants with funds for copies of documents to be submitted with their motions. Defendant also filed a motion for the appointment of new counsel. Doc. 598. Defendant's motion to withdraw that motion, Doc. 602, is granted, and Doc. 598 is deemed to be withdrawn.

I. Standards for Compassionate Release

Under 18 U.S.C. §3582(c)(1)(A)(i), the court can reduce a sentence under §3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of

2

compassionate release is at the discretion of the court. <u>United States v. Kincaid</u>, 802 F. App'x 187, 188 (6th Cir. 2020).

II. Defendant's Reasons for Compassionate Release

A. Change in §924(c) Penalties

Defendant has asked this court to consider the length of his sentence, which is attributable primarily to the multiple §924(c) counts, and requests that his sentence be reduced to reflect the new penalties provided under the First Step Act. At the time of sentencing in this case, the §924(c) charge in Count 2 carried a consecutive term of 60 months imprisonment, and the §924(c) charges in Counts 4, 6, 8, 10, 12, and 14 each carried consecutive terms of 240 months imprisonment. Defendant argues that a sentence reduction is now warranted due to the changes in the §924(c) penalties under the First Step Act. The First Step Act, §402(a), amended the penalties specified in §924(c)(1)(C) by deleting the language "second or subsequent conviction" and substituting "violation of this subsection that occurs after a prior conviction under this subsection has become final." If defendant's case were brought today, he would be facing a consecutive term of 60 months imprisonment on each of the §924(c) counts, or a total of 420 months on those counts.

The change in penalties under the First Step Act was not a mere "clarification" of prior law, but rather was a substantive change. <u>United States v. Richardson</u>, 948 F.3d 733, 748 (6th Cir. 2020). Under §403(b) of that Act, the amendment applies "to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>." §403(b) (emphasis supplied). Thus, Congress

3

expressly chose not to apply this change to defendants who were sentenced before the passage of the First Step Act. Richardson, 948 F.3d at 745-46. This case presents the question of whether the change in §924(c) penalties may be considered as an extraordinary reason for a sentence reduction.

In United States v. Tomes, 990 F.3d 500 (6th Cir. 2021), the Sixth Circuit addressed the issue of whether a comparable First Step Act change to certain mandatory minimum penalties for drug offenses under 21 U.S.C. §841, see First Step Act, §401, and 21 U.S.C. §841(b)(1)(A), could constitute an extraordinary reason for compassionate release. The court concluded that it could not. Id. at 505. As the Sixth Circuit observed, the First Step Act explicitly provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step At, §401(c). Noting that Tomes's sentence was imposed before the enactment of the First Step Act, the court rejected his argument that the §401 amendment could constitute an extraordinary reason for a sentence reduction in his case. Id. at 505. The court stated that "we will not render §401(c) useless by using §3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." Id. See also United States v. Wills, 997 F.3d 685, 688 (6th Cir. 2021)(§401 change in mandatory minimum drug penalties is not an extraordinary reason for a sentence reduction). Section 403(b) of the First Step Act, the non-retroactivity provision relating to the new §924(c) penalties, contains language identical to that found in §401(c),

4

the non-retroactivity provision discussed in Tomes.

In United States v. Owens, 996 F.3d 755 (6th Cir. 2021), the court acknowledged that the same rule for compassionate release motions would apply to sentence modifications based on both §401 and §403 of the First Step Act. Id. at 760, n. 30. The Owens court further concluded that under Tomes, a defendant could not rely solely on the amendment to the §924(c) penalties in attempting to establish an extraordinary and compelling reason. However, a majority of the panel decided that the First Step Act change to the §924(c) penalties could be considered along with other grounds in determining whether compassionate release was warranted. Id. at 760-764.

Most recently, in United States v. Jarvis, 999 F.3d 442 (6th Cir. 20210, the Sixth Circuit again considered whether the First Step Act changes to the §924(c) penalties could constitute an extraordinary reason for a compassionate release reduction. A majority of the panel followed Tomes and concluded that allowing §3582(c)(1)(A) to thwart Congress's retroactivity choices would render §403(b) useless. Id. at 444. The majority concluded that Tomes, which was decided before Owens, was the controlling authority. Id. at 445-446 (citing Salmi v. Sec'y of Health & Hum. Servs., 774 F.2d 685, 689 (6th Cir. 1985)). The majority held that Tomes "excluded non-retroactive First Step Act amendments from the category of extraordinary or compelling reasons, whether a defendant relies on the amendments alone or combines them with other factors." Id. at 446. The court noted, however, that where a defendant shows some other valid extraordinary and compelling reason for a sentence reduction, the district court may consider

5

sentencing law changes in balancing the §3553(a) factors, particularly the seriousness of the offense and public safety. Id. at 445; see also United States v. Maxwell, 991 F.3d 685, 688, 691 (6th Cir. 2021).

This court agrees with the reasoning of the majority in Jarvis as to why the change in §924(c) penalties cannot be considered as an extraordinary reason for compassionate release, either by itself or when considered with other reasons. The court acknowledges the length of defendant's sentence. However, even assuming that the change in penalties can be considered, the defendant's sentence on the §924(c) counts is not extraordinary, as any defendant sentenced for multiple §924(c) counts before the enactment of the First Step Act faced similar penalties. See United States v. Robinson, No. 20-5929, 2021 WL 71545, at *2 (6th Cir. Jan. 6, 2021)(holding that the district court did not abuse its discretion in denying release based on consecutive §924(c) counts on the ground that such long sentences were "commonplace" and not the kind of extraordinary and compelling reason that warranted a reduction).

The court also notes that even if defendant's sentence could be reduced to reflect the current §924(c) penalties, he would not be eligible for immediate release. If defendant were sentenced today, he would receive a sentence of 420 months on the seven §924(c) counts, to run consecutive to the 151-month sentence imposed on the Hobbs Act counts, for a total sentence of 571 months (47 years and 7 months). If defendant is eligible for the maximum amount of good time credit, he would have to serve approximately 40 years. Defendant has been in custody since September 1, 1998, almost 23 years. Thus, even if his sentence is reduced, he would

6

still have 13 more years to serve, during which time additional information would become available concerning defendant's health and rehabilitation while in the institution. The court agrees with the government that defendant's request for a reduction at this time is premature.

Defendant also argues that the failure of Congress to apply the First Step Act changes retroactively is unconstitutional, and that the §924(c) penalties are vague and ambiguous. These arguments, which go to the validity of defendant's §924(c) convictions, would more appropriately be raised in a motion to vacate under 28 U.S.C. §2255 rather than as a ground for compassionate release. In any event, these arguments are without merit. See Richardson, 948 F.3d at 741-742 (Hobbs Act robberies which served as the predicate offenses for defendant's §924(c) convictions were crimes of violence under the elements clause and were not dependent on the residual clause held unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319, 2336 (2019)); United States v. Gatewood, 807 F. App'x 459, 462-464 (6th Cir. 2020)(failure to make new §924(c) penalties retroactive did not violate defendant's equal protection or Eighth Amendment rights).

B. Rehabilitation

Defendant relies on his efforts at rehabilitation while incarcerated. Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for compassionate release. See 28 U.S.C. §994(t)("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). However, rehabilitation may be considered along with other circumstances in deciding whether extraordinary and compelling

7

reasons for early release exist.  See United States v. Daley, 484 F.Supp.3d 1171, 1175 (M.D. Fla. 2020).

Defendant notes that he has completed many classes.  A re-entry plan dated May 29, 2020, reveals that defendant has completed 145 courses and obtained his GED.  Doc. 574-3, pp. 2-4.  This averages out to approximately 6.3 courses per year of incarceration.  Defendant also claims that he is a certified paralegal and personal trainer, and that he has a barber certificate, although he has presented no evidence to document these accomplishments.  While commendable, these efforts at rehabilitation are not extraordinary.

C. Age and Acceptance of Responsibility

Defendant asks the court to consider the fact that he is now 46 years old, and that he was 22 and 23 years old when the offenses in this case were committed.  The facts of this case and the defendant's criminal history are discussed in detail below in addressing the §3553(a) factors.  Although defendant was a young man when he committed these offenses, he was not an unsophisticated offender.  He had already incurred enough convictions to place him in Criminal History Category VI.  After committing the first robbery under the tutelage of Timothy Greathouse, defendant and Joshua McCain went out on their own to plan and commit six more robberies.  Defendant also asserts that he has accepted responsibility for these offenses.  That claim is somewhat contradicted by the fact that defendant has filed numerous motions over the years seeking to vacate his convictions, most recently a motion under Fed. R. Civ. P. Rule 60(b) filed on July 7, 2021.  These circumstances do not constitute an extraordinary reason for

a sentence reduction.

D. Defendant's Health Concerns

Defendant contends that his health conditions, specifically, hepatitis A and C, degenerative back disease, and low vitamin D levels, warrant his release. He also claims that he is at high risk for COVID-19. Defendant asserts that he contracted hepatitis C in 2000, but that since treatment in 2011, he has been in remission. Doc. 583, p. 2. He further alleged that he tested positive for hepatitis A in 2017, but that he was vaccinated. A lab report dated May 12, 2018, indicated that hepatitis C was not detected. Doc. 583-3. The record also states that warfarin therapy was administered in 2017, which defendant claims was for hepatitis A, although the record does not so indicate. There are no records indicating that defendant is currently positive for hepatitis A or C or that he is being treated for those conditions at this time. Although defendant claims that he is at high risk for COVID-19, hepatitis is not a condition noted by the Centers for Disease Control as presenting an enhanced risk of serious illness from COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 14, 2021). COVID-19 vaccines are now readily available, and defendant has offered no evidence that he is at particularly high risk from COVID-19.

The medical records include an imaging study of defendant's back dated May 22, 2018, which reported some annular degeneration and two disc protrusions with no significant or mild canal stenosis. Doc. 583-3. The records do not include any diagnosis of a serious back condition. The BOP has classified defendant as

9

being CARE2, stable chronic care, with no medical restrictions. Doc. 574-3, p. 5. Vitamin D was prescribed to address defendant's low vitamin D levels. Doc. 583, p. 3.

The record fails to demonstrate that defendant has any medical conditions which would constitute an extraordinary and compelling reason for a reduction in sentence.

E. Defendant's Safety in the Institution

Defendant has raised matters related to his safety in the institution which will be addressed in a sealed attachment to this order.

F. Conclusion

The court has considered all of the matters raised by defendant. The court concludes that those circumstances, both alone and in combination, do not constitute an extraordinary and compelling reason warranting a sentence reduction.

III. §3553(a) Factors

The court must also consider the §3553(a) factors. These were serious offenses involving seven armed robberies. According to the facts in the presentence investigation report ("PSR"), the first robbery on October 31, 1997, was orchestrated by Timothy Greathouse. The remaining robberies of Remos Pizza on November 4, 1997, the Red Brick Inn on November 17, 1997, the Beck Tavern on November 28, 1997, the Chatterbox Lounge on December 1, 1997, the Southgate Lounge on December 4, 1997, and the Diamond One and Four Saloon on January 1, 1998, were committed by defendant and Joshua McCain. Defendant provided a gun to McCain to use in these six robberies. During the robbery at the Diamond One and Four Saloon, McCain struck a patron on the head with the butt of the gun.

10

Property was taken from the businesses and from customers, resulting in a total loss of $8,459.75. These robberies presented a serious risk of harm to the employees and customers. Defendant received an enhancement for obstruction of justice for attempting to persuade McCain not to testify against him and to commit perjury.

As to the history and characteristics of the defendant, the PSR reported that defendant had a close relationship with his mother, but that his father was an alcoholic who physically abused his mother. Defendant has two children, and has a close relationship with his sister, Linda Diles, with whom he plans to reside if released. Defendant has a history of substance abuse, including alcohol, marijuana, LSD, cocaine and crack cocaine, and methamphetamine. His prior criminal record includes convictions for driving without a license, disorderly conduct (fighting), aggravated menacing, escape, carrying a concealed weapon and attempted carrying a concealed weapon, placing him in Criminal History Category VI.

After his conviction in this case, defendant was convicted under Case No. 01-CR-3612 in the Common Pleas Court of Franklin County, Ohio, for the offenses of felonious assault, involuntary manslaughter, and kidnapping, with firearm specifications. See https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline (last checked July 15, 2021). According to the summary of evidence contained in the decision of the Tenth District Court of Appeals in State v. Gordon, No. 03AP-281, 2004 WL 1142875 (10th Dist. Ohio App. May 24, 2004), on April 29-30, 1997, six months before the robberies in the instant case, defendant was involved in kidnapping a man and transporting him to a house in Columbus, Ohio. The victim had

11

allegedly stolen drugs from the owner of the house.  Defendant and the homeowner brutally beat the victim over a long period of time in the basement of the house, then threw the victim in a dumpster, where the victim was shot in the head.  The BOP re-entry plan notes that a detainer is on file based on this state case, in which a sentence of 19 years, consecutive to the federal sentence, was imposed.  Defendant's criminal history highlights the need for the sentence imposed in this case to deter similar conduct in the future and to protect the public from additional crimes by the defendant.

    Defendant has served 23 years, less than 20 percent of his sentence.  Based on the current record, the court is not convinced that a sentence of time served, or even the reduced a sentence of 571 months suggested by defense counsel, would be sufficient to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from more crimes by the defendant.  The court concludes that the §3553(a) factors warrant denying defendant's motion for a reduced sentence.  Even assuming, <u>arguendo</u>, that defendant's alleged reasons for a sentence reduction, considered in combination, are sufficient to constitute an "extraordinary and compelling reason" for a sentence reduction, that reason is outweighed by the statutory factors which militate against defendant's early release at this time.

Date: July 19, 2021                      s/James L. Graham
                                          James L. Graham
                                          United States District Judge