IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL LEE GORDON,**

        **Petitioner,**

        v.

**UNITED STATES OF AMERICA,**

        **Respondent.**

        **CASE NO. 2:16-CV-589**
        **CRIM. NO. 2:97-CR-167**
        **JUDGE JAMES L. GRAHAM**
        **Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

Petitioner has filed a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking to reopen the Motion to Vacate under 28 U.S.C. § 2255 to challenge his convictions under 28 U.S.C § 924 for insufficiency of the evidence  (Doc. 608); a Motion to Dismiss his § 924(c) convictions as constitutionally insufficient (Doc. 609); and a Motion Pursuant to Rule 60(b) that has been docketed as a Motion to Vacate under 28 U.S.C. § 2255, again requesting to reopen § 2255 proceedings to assert additional claims, including prosecutorial and judicial misconduct and ineffective assistance of counsel. (Doc. 611). Petitioner also has filed a Motion to Disclose Grand Jury Transcripts (Doc. 610).  For the reasons that follow, Petitioner's motions pursuant to Rule 60(b) and Motion to Vacate under 28 U.S.C. 3355 (Docs. 608, 609, 611) hereby are **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's Motion to Disclose Grand Jury Transcripts (Doc. 610) is **DENIED**.

On September 30, 2002, the Court dismissed Petitioner's Motion to Vacate under 28 U.S.C. § 2255.  (Doc. 267.)  Since that time, Petitioner has filed repeated successive § 2255 motions and Rule 60(b) motions seeking to assert additional new grounds for relief or to reopen

his initial § 2255 petition. The Court repeatedly has denied these motions or transferred them to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive. (*See, e.g.*, Docs. 301, 305, 314, 354, 356, 365, 381, 412, 465, 480.) In Petitioner's most recent filings, he seeks to reopen § 2255 proceedings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based on the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65, 78-79 (2014) (An active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he has "advance knowledge" that one of his confederates will carry a gun), based on an alleged conspiracy between the judge, prosecutor and defense counsel to permit unlawful testimony by federal agents (Docs. 608, 611); and based on insufficiency of evidence or indictment and improper jury instructions. (Doc. 609). Petitioner has filed a motion requesting disclosure of grand jury transcripts, alleging that false testimony has been presented against him which supports a claim of actual innocence and a manifest miscarriage of justice. (Doc. 610).

     However, this Court lacks the authority to consider the new claims presented by the Petitioner absent authorization for filing from the United States Court of Appeals for the Sixth Circuit for the filing of a successive petition. 28 U.S.C. § 2244(b)(3)(A); § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (Rule 60(b) motion advancing new claims for relief "is in substance a successive habeas petition and should be treated accordingly."). Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th

Cir. 2012).  "Unless the court of appeals has authorized a second or successive motion, a district court sitting in the Sixth Circuit must transfer the motion to the Sixth Circuit Court of Appeals." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) *(per curiam)*.

Plainly, Petitioner's current motions constitute successive motions to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  This Court must therefore transfer those motions to the Sixth Circuit for authorization to consider it.  *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

Further, Petitioner has failed to show a particularized need for disclosure of grand jury transcripts under Rule 6(e) of the Federal Rules of Criminal Procedure.  *See United States v. Arrick*, No. 18-3479, 2018 WL 8344588, at *1 (6th Cir. Nov. 28, 2018) ("A litigant's 'burden of establishing particularized need is necessarily heavy.'") (citation omitted).

In accordance with the foregoing, Petitioner's motions pursuant to Rule 60(b) and § 2255 (Docs. 608, 609, 611) are hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's Motion to Disclose Grand Jury Transcripts (Doc. 610) is **DENIED**.

**IT IS SO ORDERED.**

Date: July 20, 2021                                     _____s/James L. Graham_____
                                                        **JAMES L. GRAHAM**
                                                        **UNITED STATES DISTRICT JUDGE**